700 So.2d 29 (1997)
Michael L. MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00579.
District Court of Appeal of Florida, Second District.
August 22, 1997.
Rehearing Denied September 29, 1997.
*30 James Marion Moorman, Public Defender, Bartow, and Carol J.Y. Wilson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Michael Morgan appeals his convictions for attempted first degree murder, armed robbery and armed sexual battery, arising out of the assault and attempted rape of Falicia Fuller. We find that the trial court erred in overruling Morgan's objection to the prosecution's improperly created alibi defense. Accordingly, we reverse Morgan's convictions on all charges.
Fuller was in her home on June 9, 1993, when two armed men, one thin man and one heavier man, entered the house, pointed a gun at Fuller and attempted to rape her. When a dispute broke out between the perpetrators as to which attacker would rape her first, Fuller attempted to escape. As she attempted to flee, the heavier assailant shot Fuller twice. Fuller fell to the floor and pretended to be dead. When the heavier assailant approached her, she grabbed him, flipped him over and jumped out of a window. As she ran away, she was shot in the buttocks. Fuller subsequently identified Morgan as one of her assailants.
Fuller was the key fact witness at Morgan's trial. During the state's case, she described the attack and identified Morgan as the heavier of her attackers. In his defense, Morgan argued that his arrest was a result of Fuller's misidentification. Morgan testified on his own behalf claiming that he was innocent and arguing that Fuller was mistaken in her identification of him. Morgan did not raise an alibi during his testimony, nor was he asked about his whereabouts during the time of the attack. Nevertheless, the state began its cross-examination by accusatorially noting that Morgan did not testify on direct examination as to his movements on the night Fuller was attacked. Morgan responded that he had not been questioned on that issue. The prosecutor then began to specifically question Morgan regarding his whereabouts at the time of the attack. Although Morgan initially testified that he could not recall his whereabouts on the night in question, he ultimately responded to the prosecutor's questions by asserting he was at a party. In response to this testimony, the prosecutor proceeded to ask Morgan questions precisely calculated to create the appearance that Morgan had an alibi regarding his movements on the night in question.
The defense objected to this line of questioning, arguing that Morgan had not given notice of an intent to assert an alibi defense, that Morgan did not intend to assert an alibi defense, and that the state was attempting to create such a defense by its questions. The trial court overruled the objection.
The prosecutor's creation of a "straw man" alibi was clear error. Williams v. State, 619 So.2d 1044 (Fla. 4th DCA 1993); Lane v. State, 459 So.2d 1145 (Fla. 3d DCA 1984)("Because the whole issue of alibi was raised by the state, we find the prosecutor's `straw man' argument ... may have led the jury to believe that appellant had the burden of proving his innocence."). If a defendant asserts an alibi defense, the state may properly comment on the absence of competent witnesses for the defense to corroborate the alibi. Hayes v. State, 660 So.2d 257 (Fla. 1995); Jackson v. State, 575 So.2d 181 (Fla. 1991); Brown v. State, 524 So.2d 730 (Fla. 4th DCA 1988). However, when no such defense is asserted, any comment on a defendant's failure to produce alibi witnesses is error. Brown, 524 So.2d at 731.
This error was further compounded by the prosecutor's closing remarks. In summarizing Morgan's testimony for the jury, the prosecutor reminded the jury that the defense never asked Morgan where he was on the night Fuller was attacked, despite the fact that this question was "a real obvious question to ask the guy." The prosecutor *31 then remarked that although Morgan claimed to be at a party on the night in question, he failed to produce his girlfriend to corroborate this alibi. These remarks effectively destroyed the "alibi" which the state's own questions had created.
The state's improper comments created the impression that Morgan had asserted a defense and then failed to prove that defense. Thus, the prosecutor's remarks in summation further exacerbated the error inherent in his cross-examination of Morgan. The effect of this error was to improperly shift the burden of proof from the state to the defendant. Hayes, 660 So.2d at 265; Jackson, 575 So.2d at 188.
In this case, the only witness to place Morgan at the scene was the victim. Morgan denied being there and asserted a defense of misidentification. The issue of the defendant's whereabouts was raised for the first time on cross-examination by the state. But for the state's introduction of the alibi defense, no such defense would have been presented to the jury. The case would have been essentially Fuller's word against Morgan's. Under these circumstances, the trial court's error in overruling Morgan's objection to the prosecutor's questioning and argument was not harmless. Brown, 524 So.2d at 731.
Accordingly, we reverse for a new trial.
PARKER, C.J., and BLUE, J., concur.