718 So.2d 272 (1998)
STATE of Florida, Appellant/Cross Appellee,
v.
Hiram F. MORALES, Appellee/Cross Appellant.
No. 97-0070.
District Court of Appeal of Florida, Fifth District.
September 4, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant/Cross Appellee.
James B. Gibson, Public Defender, and Janet Brook Goodrich, Assistant Public Defender, Daytona Beach, for Appellee/Cross Appellant.
ANTOON, Judge.
The state appeals the downward departure sentence imposed by the trial court after a jury found Hiram Morales guilty of committing *273 a sexual battery.[1] We must reverse because there is no record evidence supporting the trial court's reasons for imposing a departure sentence.
Mr. Morales' ex-wife invited him to move to Florida from Puerto Rico in order to pursue a reconciliation. Soon after he arrived, Mr. Morales' ex-wife told him that she no longer wanted to pursue a reconciliation. Thereafter, Mr. Morales came to his ex-wife's home at a time when he knew she would be alone. When she went to the door, he asked if he could come inside so he could use her telephone to arrange travel reservations to return to Puerto Rico. She was reluctant to let him in but he persuaded her to open the door. Once Mr. Morales was inside the residence he punched his ex-wife in the stomach, strangled her, and forced her to undress by threatening her with a knife. He then sexually battered her. At trial, Mr. Morales admitted they had intercourse but contended that his ex-wife initiated and consented to the encounter. Rejecting Mr. Morales' version of the events, the jury found him guilty of sexual battery.
Florida has enacted a sentencing system which "emphasize[s] incarceration ... for violent offenders...." § 921.0001, Fla. Stat. (1995). This system severely limits the discretion of the trial court in sentencing convicted felons. By enacting this system, the legislature has authorized departures from recommended sentencing guidelines only when "there are circumstances or factors which reasonably justify the departure." § 921.0016(2), Fla. Stat. (1995). Section 921.0016(4)(a)-(l), Florida Statutes (1995), sets forth twelve non-exclusive reasons that would justify a downward departure sentence. However, the factors and circumstances establishing these acceptable reasons for downward departure must be proven by a preponderance of the evidence. § 921.001(6), Fla. Stat. (1995).
According to his sentencing guideline scoresheet, Mr. Morales' recommended guideline sentence ranged from 12.25 to 20.42 years' imprisonment. However, the trial court departed downward from the guidelines and sentenced Mr. Morales to a term of 4 years' imprisonment followed by 5 years' probation. In explaining its reason for departing, the trial court stated that Mr. Morales was entitled to receive a downward departure sentence because: (a) "[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident" and (b) "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." See § 921.0016(4)(f), (j), Fla. Stat. (1995). There is no record evidence that the victim provoked or initiated the sexual battery or that Mr. Morales expressed remorse for committing this crime. As a result, we must reverse the departure sentence.
In finding that the victim was an "initiator, willing participant, aggressor, or provoker of the incident" pursuant to section 921.0016(4)(f), Florida Statutes (1995), the trial court was persuaded by argument of defense counsel to apply a broad definition of "the incident" as the term is used in the statute. Instead of considering the incident as being the circumstances immediately surrounding the sexual battery, the trial court viewed the term to include the general and more remote circumstances "out of which the offense occurred." The trial court considered the ex-wife's initial efforts to reconcile the parties' relationship, including her resumption of a sexual relationship, to constitute the "initiation of some activity with [Mr. Morales]." We respectfully disagree with the trial court's broad definition of the term "incident." In our view, "the incident" more narrowly refers to circumstances immediately surrounding the criminal offense.
Acceptance of the trial court's definition would allow lenient treatment of those who commit sexual battery on victims with whom they have had a past relationship. Such an interpretation would also not express the intent of our legislature when it enacted section 921.0016(4)(f) and would fail to properly punish defendants who commit sexual battery and make potential victims more vulnerable to sexual battery. Furthermore, our interpretation is consistent with the third district's holding in State v. Rider, 449 So.2d 903, 904 (Fla. 3d DCA), rev. denied, 458 *274 So.2d 273 (Fla.1984), appeal dismissed, 470 U.S. 1075, 105 S.Ct. 1830, 85 L.Ed.2d 132 (1985), that the status of the relationship between the defendant and a sexual battery victim is irrelevant in determining whether a sexual battery has occurred. In any event, the facts in this case do not support a downward departure on the grounds that the victim was the "initiator, willing participant, aggressor, or provoker of the incident."
There is also no evidence in the record to support the trial court's finding that Mr. Morales committed the sexual battery "in an unsophisticated manner" or that it ... "was an isolated incident for which the defendant has shown remorse." There is no evidence in the record that Mr. Morales showed remorse for the incident. Instead, he contended that his ex-wife consented to engage in sexual intercourse and that he never battered her or threatened her with a knife. Moreover, the evidence that Mr. Morales deceived his ex-wife in order to gain entry into her residence at a time when she was alone belies the conclusion that the crime was committed in an unsophisticated manner. Therefore, Mr. Morales was not entitled to a downward departure sentence pursuant to section 921.0016(4)(j), Fla. Stat. (1995). See State v. Spioch, 706 So.2d 32, 36 (Fla. 5th DCA 1998).
Finally, Mr. Morales cross-appealed his sentence, arguing his sentencing guideline scoresheet was incorrectly calculated because it did not include the standard deduction of 28 points from the sentence computation. He is correct that the 28-point deduction was not made. However, this error was not raised below and thus may not be raised for the first time on appeal. See § 924.051(1)(b), Fla. Stat. (Supp.1996). Moreover, since this matter must be remanded for resentencing, a new scoresheet will be prepared in which the trial court may correct this clerical oversight.
JUDGMENT AFFIRMED; SENTENCE REVERSED and CAUSE REMANDED.
GRIFFIN, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 794.011(3), Fla. Stat. (1995).