746 So.2d 1229 (1999)
David STANTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-1145.
District Court of Appeal of Florida, Third District.
December 23, 1999.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Christine E. Zahralban, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
David Stanton appeals his conviction for possession of cocaine. We conclude that *1230 the evidence was legally insufficient to support the conviction, and reverse it.
The very unusual facts of the case are that defendant Stanton was in an area of Key West during the Goombay Festival. He encountered a drug dealer who asked what defendant was looking for, meaning what drugs the defendant was looking for. After repeatedly saying that he was not looking for any drugs, the drug dealer handed defendant a rock of crack cocaine, saying that it was "on the house," and if defendant wanted more, he should come back.
Defendant, who testified that he had a long-standing cocaine problem but had managed to stay clear of cocaine for some time, decided to turn the drug dealer in. He accepted the cocaine rock and walked to the first police officer he could find. He put the cocaine rock down on a barricade by which the police officer was standing. There is some disagreement about the details of the conversation, but the defendant indicated that he wanted to assist the police in apprehending the drug dealer, such as by acting as an undercover buyer.
The police arrested the defendant for possession of cocaine and did not take up the offer of assistance in arresting the drug dealer. The State took the position at trial that since the defendant was in physical possession of a cocaine rock, it followed that he had committed the crime of possession of cocaine, regardless of the circumstances.
We do not think that a person who takes temporary possession of contraband for the sole purpose of turning it into the authorities, and promptly does so, is guilty of a crime. If a person finds contraband washed up on the beach, or floating in the sea, and takes the contraband forthwith to the authorities, we do not think that the law does, or is intended to, criminalize temporary possession for that purpose. Likewise if a parent discovers contraband in possession of his or her child, and disposes of it, we do not think the law criminalizes the parent's temporary possession.
It has been held that no crime is committed where a person takes temporary control of contraband in order to make a legal disposition of it by throwing it away, destroying it, or giving it to police. See Adams v. State, 706 P.2d 1183, 1185 (Alaska Ct.App.1985); see also People v. Mijares, 6 Cal.3d 415, 99 Cal.Rptr. 139, 491 P.2d 1115, 1119 (1971).
In the trial court, the State's position was that if defendant had physical possession of the contraband, he was guilty; that the circumstances did not matter; and that his motive for turning the cocaine over to the police were not relevant and could not be considered by the jury.
On this appeal, the State concedes, correctly, that it is not a crime for a citizen to take temporary possession of contraband in order to turn it over to the police. The State argues, however, that there are some factual differences in the testimony of the arresting officer and the defendant, which created issues for consideration by the jury. We find that argument unpersuasive.
The undisputed fact is that the defendant voluntarily approached a uniformed police officer and turned over a cocaine rock. We are unable to see any plausible explanation for this act, other than, as defendant said, to turn it over to proper authorities and offer to assist in the apprehension of the drug dealer.
The State also points out that this challenge to the sufficiency of the evidence was not properly raised in the trial court. That is so. However, Florida authority supports the proposition that "a conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error." Troedel v. State, 462 So.2d 392, 399 (Fla.1984); accord Vance v. State, 472 So.2d 734, 735 (Fla.1985).
We conclude that the evidence is legally insufficient to support the conviction. The judgment is reversed with directions to *1231 discharge defendant from Monroe County circuit court case number 98-954.
Reversed with directions.