781 So.2d 1129 (2001)
The STATE of Florida, Appellant,
v.
David STANTON, Appellee.
No. 3D00-1613.
District Court of Appeal of Florida, Third District.
February 23, 2001.
Rehearing Denied April 25, 2001.
*1130 Robert A. Butterworth, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellee.
Before COPE, GERSTEN and GREEN, JJ.
GREEN, J.
The sole issue presented by the state on this appeal is whether time served on a reversed conviction in an unrelated criminal case may provide a valid basis for *1131 a downward departure sentence for a future conviction. We conclude that it may not and reverse the order under review.
Appellee, David Stanton, an acknowledged drug addict, had been previously convicted of possession of cocaine after a jury trial in the Sixteenth Judicial Circuit, case no. 98-954-CF, and sentenced to state prison. After he had served fourteen months and nine days of his prison sentence, this court reversed his conviction and ordered his release based upon the insufficiency of the evidence. See Stanton v. State, 746 So.2d 1229 (Fla. 3d DCA 1999). Less than two hours after being released from state prison on December 28, 1999, Stanton returned to Key West and was again arrested and charged with possession of crack cocaine in this case. After a trial by jury, Stanton was convicted as charged. Stanton has not challenged the validity of this conviction.
At the sentencing hearing on May 2, 2000, the sentencing scoresheet showed a total of 70.9 sentencing points indicating a minimum sentence of 32.175 months in state prison with a maximum sentence of 60 months for a third degree felony. The trial court decided to apply a downward departure from the minimum sentence, resulting in 18.175 months imprisonment after giving him credit for the fourteen months served in the case that was reversed.[1] The state objected on the ground that time served in an unrelated case is not a valid basis for a downward departure. Thereafter, the state filed a motion to correct illegal sentence pursuant to Florida Rules of Criminal Procedure 3.800, arguing that the lower court had improperly imposed a downward departure sentence in this case. The trial court denied the motion and this appeal followed.
Section 921.002(1), Florida Statutes (1998) allows the sentencing court to depart downward from the lowest permissible sentence if there are circumstances or factors that reasonably justify the downward departure. Section 921.0026(2) provides a list of non-exclusive mitigating circumstances which will justify a downward departure, none of which have any applicability to this case.[2]See section *1132 921.0026(1); see also State v. Randall, 746 So.2d 550 (Fla. 5th DCA 1999); State v. Turro, 724 So.2d 1216 (Fla. 3d DCA 1998). The question in this case thus becomes whether the nonstatutory reason given for the departure, i.e., the appellee had spent fourteen months in prison on an unrelated case that was later reversed on appeal, "reasonably justified" the downward departure sentence.
To begin with, the Florida Supreme Court recently announced in Banks v. State, 732 So.2d 1065 (Fla.1999), that a trial court's decision to depart from the guidelines involves a two-part process.
First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by `a preponderance of the evidence.' This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.
Second, where the step 1 requirements are met, the trial court further must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision. (footnotes omitted).
732 So.2d at 1067-68 (emphasis in original); see also State v. Schillaci, 767 So.2d 598, 599 (Fla. 4th DCA 2000).
In this case, the trial court's downward departure sentence cannot pass muster under step 1 as there is no valid legal ground to support it.[3] That is, there is no Florida statute or case law which permits a trial court to transfer credit for time previously served on an unrelated criminal case to the case for which the defendant is to be presently sentenced. As a matter of fact, such a practice squarely runs afoul of and violates the provisions of section 921.161(1), Florida Statutes (2000). That statute provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
As the state correctly observes on this appeal, this statute necessarily presupposes that the credit to which the defendant is entitled is the time spent incarcerated for the same case in which the defendant was tried and convicted, not from an unrelated case. See State v. Mancino, 714 So.2d 429, 432 (Fla.1998) ("[I]f the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence that does not properly credit the defendant with time *1133 served, then that sentence may be challenged under rule 3.800 ..."); see also Travis v. State, 724 So.2d 119, 120-21 (Fla. 1st DCA 1998). Moreover, section 921.161(1) expressly provides that a sentence of imprisonment shall not begin to run before the date of its imposition, except for the time spent in county jail. The net effect of the trial court's departure sentence in this case is not only to permit a sentence of imprisonment to begin to run prior to its date of imposition (i.e, May 9, 2000), but to permit a sentence of imprisonment to begin to run prior to the date of the crime's commission by the appellee (i.e., December 28, 1999). This is simply wrong as a matter of law and cannot serve as a "reasonably justified" reason for a downward departure sentence.
For the foregoing reasons, we reverse the sentencing order and remand for sentencing consistent with the sentencing scoresheet in this case with credit being given only for time served in this case.
GERSTEN, J., concurs.
COPE, J. (dissenting).
In arriving at a fair sentence, the trial court could take into account the fact that the defendant had previously served fourteen months for conduct which this court said was not a crime at all. Stanton v. State, 746 So.2d 1229 (Fla. 3d DCA 1999). I would sustain the downward departure reason, but allow it only where, as here, the defendant inflicted no harm on the person or property of others.
NOTES
[1] Sixteenth Judicial Circuit case no. 98-954-CF.
[2] According to Section 921.0026(2), mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:

(a) The departure results from a legitimate, uncoerced plea bargain.
(b) The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.
(c) The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
(e) The need for payment of restitution to the victim outweighs the need for a prison sentence.
(f) The victim was an initiator, willing participant, aggressor, or provoker of the incident.
(g) The defendant acted under extreme duress or under the domination of another person.
(h) Before the identity of the defendant was determined, the victim was substantially compensated.
(i) The defendant cooperated with the state to resolve the current offense or any other offense.
(j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
(k) At the time of the offense the defendant was too young to appreciate the consequences of the offense.
(l) The defendant is to be sentences as a youthful offender.
[3] Hence, we never reach the discretionary issue involved in step 2 on this appeal.