NORTHCUTT, Judge.
Carlos Rodriguez contends that his convictions for trafficking in cocaine and possession of cocaine must be reversed because the prosecutor’s questions and arguments at Rodriguez’s trial improperly shifted the burden of proof to him. We agree.
This case involved a credibility contest between David Seheffler and Juan Rodriguez (who is not related to Carlos). These men were the subject of an ongoing investigation by the Hillsborough County Sheriffs Office, and both pleaded guilty to the charges arising out of this case. Seheffler testified as a State witness and placed Carlos at Juan’s house, helping to package fake cocaine for sale to a confidential informant named JT. According to Seheffler, Carlos said they needed to add real cocaine for taste. Seheffler also recounted that as he and Carlos stood in front of the grocery store where the buy was to take place, Carlos pointed out police surveillance, causing them to change locations.
Juan testified for the defense. He denied that Carlos was involved in the deal. According to Juan, he and Seheffler prepared for the deal inside Juan’s house while Carlos was outside repairing Juan’s '89 Bronco. Juan testified that Carlos only rode along to the grocery store because Juan told him he was meeting a friend who owed him money, and he could then pay Carlos for the car repairs and give him a ride home. Juan said that Carlos did not get out of the car at the grocery store.
*750 During cross-examination and over objection, the prosecutor asked Juan whether his wife was home on the three days that Carlos was allegedly working on the car and whether she could come testify about that. In closing argument and over objection, the prosecutor argued that Juan’s wife was home while Carlos was allegedly working on the car and she was “sitting at home right now.” The prosecutor also argued that there were no receipts to document the auto repairs.
Except in narrow circumstances not present here, the State may not comment on a defendant’s failure to call a witness. Janiga v. State, 713 So.2d 1102 (Fla. 2d DCA 1998) (reversing for new trial because State commented on defendant’s failure to call witness to confirm defendant’s testimony). Such a comment improperly shifts the burden of proof from the State to the defendant. Morgan v. State, 700 So.2d 29 (Fla. 2d DCA 1997). Because this trial was a credibility contest between two witnesses and the issue of whether Carlos was repairing Juan’s car was central to the defense, the error was not harmless. Accordingly, we reverse on this issue.
Carlos raises a second issue concerning the State’s use of a taped conversation at trial. We see no error because the tape was offered for impeachment and was not, therefore, inadmissible hearsay offered to prove the truth of the matter asserted. See Fleming v. State, 457 So.2d 499, 503 n. 1 (Fla. 2d DCA 1984).
Reversed and remanded for new trial.
ALTENBERND, C.J., and KELLY, JJ., Concur.