CIKLIN, J.
 

 Vernell Robinson appeals his conviction and sentence for possession of more than twenty grams of cannabis. Robinson argues that the trial court erred by denying Robinson’s motion for judgment of acquittal and by excluding the testimony of Robinson and his brother. The trial judge excluded the testimony because it found Robinson had failed to give the state notice of his intent to claim an alibi. Robinson, however, was not required to file a notice of alibi in this case. Robinson’s brother was not presenting an “alibi” as contemplated by the applicable rule but rather a general denial of criminality and testimony that Robinson simply was not present at the crime scene. Robinson was not required to notify the state
 
 of his own
 
 alibi testimony. Because the excluded testimony went to the very heart of Robinson’s defense and resulted in a deprivation of his right to be heard in his own defense, we find that this error was not harmless, and reverse and remand for a new trial.
 

 Robinson was charged by information with three counts relating to possession of controlled substances. Counts I and III alleged possession of cocaine and cannabis. Count II charged Robinson with possession of cannabis with intent to sell. Before trial, the state nolle prossed counts I and III.
 

 At a jury trial, Hollywood Police Officer Gregory Forsyth and Detective Robert Wolfkill both testified that during the early morning hours of February 23, 2006, they were in separate unmarked vehicles conducting surveillance on the residence of Robinson’s parents when they observed Robinson exit the residence and approach a garbage can. The officers testified that Robinson first looked all around. He then lifted the lid of the garbage can, took out a white plastic trash bag, removed a bag from under his shirt, put the bag in the garbage, and then replaced the white trash bag on top. Subsequently, Robinson turned and went back into the house. After the officers did not see anyone else approach the garbage can, they went to investigate and found a gallon-size Ziploc bag containing a green leafy substance under the white plastic bag inside the garbage can. The substance was later identified as 382 grams of cannabis.
 

 After the state rested its case, defense counsel moved for a judgment of acquittal, arguing that the state’s evidence was not inconsistent with Robinson’s disposing of marijuana in the trash to keep it from falling into the hands of children.
 

 After the trial court denied Robinson’s motion and prior to defense counsel presenting Robinson’s defense, the state moved to “exclude the testimony of defense witnesses.” The state’s grounds were relevancy and failure to give notice of alibi. Defense counsel proffered that Robinson’s brother, Dion Robinson, whose name was on the defense witness list, would testify that he was at them parents’ house in the early morning hours of February 23, 2006, and that Robinson was not there at the time. The trial court ruled that Dion Robinson could testify as to his
 
 *281
 
 observations but not to the “alibi” that the defendant was not there. Defense counsel limited her questioning of Robinson’s brother accordingly.
 

 Subsequently, Robinson took the stand and testified that he* could not have been the person who approached the garbage can and threw something away that morning as he “wasn’t even there.” The state objected again to Robinson’s presenting an alibi without giving notice. Following a bench conference, the trial court said in front of the jury, “Let’s go. Finish up.” The trial court never instructed the jury to disregard Robinson’s previous testimony.
 

 The jury found Robinson guilty of the lesser included offense of possession of more than twenty grams of cannabis. The trial court entered a final judgment based on this verdict and sentenced Robinson to the maximum five years for the third-degree felony conviction.
 

 Judgment of Acquittal
 

 Robinson’s first argument on appeal is that the trial court erred in denying his motion for judgment of acquittal. “A de novo standard of review applies in reviewing a motion for judgment of acquittal.”
 
 Richards v. State,
 
 37 So.3d 925, 926 (Fla. 4th DCA 2010) (citing
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002)). “In moving for a judgment of acquittal, a defendant admits the facts in evidence and every conclusion favorable to the adverse party that may be fairly and reasonably inferred from the evidence. A court should grant a motion for judgment of acquittal only if ‘the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.’ ”
 
 Id.
 
 (citations omitted).
 

 We have previously recognized that temporary control of contraband for the purpose of legal disposition by throwing it away, destroying it, or giving it to police can be a valid defense to the crime of possession of a controlled substance.
 
 See Ramsubhag v. State,
 
 937 So.2d 1192, 1194-95 (Fla. 4th DCA 2006).
 

 In
 
 Stanton v. State,
 
 746 So.2d 1229 (Fla. 3d DCA 1999), the Third District reversed a conviction for possession of cocaine after concluding that the evidence was legally insufficient to support the conviction.
 
 Id.
 
 at 1229-30. The undisputed fact in that case was that the defendant had approached a uniformed police officer and turned over a cocaine rock. The court held that even considering the disputed facts, the evidence was legally insufficient because the court was “unable to see any plausible explanation for this act, other than, as [the] defendant said, to turn it over to proper authorities and offer to assist in the apprehension of the drug dealer.”
 
 Id.
 
 at 1230.
 

 The facts here, however, are distinguishable from
 
 Stanton.
 
 Here, the police officers observed Robinson exit his parents’ house at 3 a.m. with a bag or package hidden underneath his shirt. They saw him look around carefully as though to make sure no one was watching him, remove a white trash bag from the garbage, carefully place what he had hidden beneath his shirt into the canister, and then put the white trash bag back on top. Under these facts, there are “plausible explanation[s] for this act” other than that Robinson was trying to legally dispose of marijuana over which he had only temporary control. For example, Robinson may have placed the marijuana in the trash can as a prearranged drop off spot as part of a drug transaction. Or Robinson may have placed it there as a temporary hiding place. Thus, considering the evidence in a light most favorable to the state, the state presented sufficient evidence to establish a prima facie case based on both actual and
 
 *282
 
 constructive possession.
 
 [1]
 
 Therefore, we affirm the trial court’s denial of Robinson’s motion for judgment of acquittal.
 

 Notice of Alibi
 

 Robinson also argues that the trial court erred when it limited the testimony of both his brother and himself because of Robinson’s failure to provide notice of alibi. We agree.
 

 The trial court excluded Robinson’s brother’s testimony based on the state’s assertion that Robinson had failed to file a notice of intent to rely on an alibi as required by Florida Rule of Criminal Procedure 3.200.
 
 [2]
 
 Robinson’s brother, however, was not an alibi witness as contemplated by the rule. Rule 8.200 requires that a defendant include in his or her written notice “specific information as to the place at which the defendant claims to have been at the time of the alleged offense.” Fla. R. Crim. P. 3.200.
 

 Robinson’s brother, however, was not going to testify as to Robinson’s location (or whereabouts) at the time of the offense. Thus, Robinson’s brother was not an alibi witness, and the trial court erred in sustaining the state’s objection to his testimony.
 
 See State ex rel. Mitchell v. Walker,
 
 294 So.2d 124, 127 (Fla. 2d DCA 1974) (“An alibi,’ as contemplated by rule 3.200, necessarily means that the defendant will attempt affirmatively to establish not only that he was not at the scene of the crime involved but that, in fact, at the time thereof he was elsewhere, at a particular place sufficiently distant from the scene of the crime, so that he could not possibly have been present at its perpetration.” (footnote and citation omitted)).
 

 The trial court additionally erred in effectively sustaining the state’s objection to Robinson’s testifying on his own behalf that he was not at his parents’ house at the time the officers made then-observations. A defendant may testify to his own activities without filing a notice of alibi if the defendant himself intends to be the sole alibi witness.
 
 See
 
 Fla. R. Crim. P. 3.200 (“If a defendant fails to file and serve a copy of the notice as herein required, the court may exclude evidence offered by the defendant for the purpose of providing an alibi,
 
 except the defendant’s own testimony.”
 
 (emphasis added));
 
 White v. State,
 
 356 So.2d 56, 57 (Fla. 4th DCA 1978). Furthermore, as previously indicated, Robinson was not presenting an “alibi” as contemplated by rule 3.200 because he was only testifying that he was not at the scene of the crime.
 
 See Mitchell,
 
 294 So.2d at 127.
 

 Unfortunately, the state further compounded the error by emphasizing during closing arguments that Robinson took the stand but “didn’t say anything.”
 
 See Mor
 
 
 *283
 

 gan v. State,
 
 700 So.2d 29, 30-31 (Fla. 2d DCA 1997) (“This error was further compounded by the prosecutor’s closing remarks .... The state’s improper comments created the impression that [the defendant] had asserted a defense and then failed to prove that defense.”).
 

 In this case, Robinson’s theory of defense was misidentifícation. With Robinson’s brother prevented from testifying that Robinson was not at their parents’ house that evening and with defense counsel unable to rebut the state’s contention during closing that Robinson had not testified that he was not there, Robinson was prevented from properly asserting his defense. As such, under the facts of this case, the exclusion of the testimony was not harmless. Accordingly, we reverse for a new trial.
 

 We have considered Robinson’s remaining point on appeal and reject it without further discussion.
 

 Reversed and remanded for a new trial.
 

 POLEN and LEVINE, JJ., concur.
 

 [1]
 

 . As the jury only convicted Robinson of the lesser included offense of possession, we do not need to analyze whether the evidence was sufficient to prove the "intent to sell” element of the charged crime.
 

 [2]
 

 . Florida Rule of Criminal Procedure 3.200 reads in pertinent part:
 

 On the written demand of the prosecuting attorney, ... a defendant in a criminal case who intends to offer evidence of an alibi in defense shall ... file and serve on the prosecuting attorney a notice in writing of an intention to claim an alibi,
 
 which notice shall contain specific information as. to the place at which the defendant claims to have been at the time of the alleged offense
 
 and, as particularly as is known to the defendant or the defendant's attorney, the names and addresses of the witnesses by whom the defendant proposes to establish the alibi.... If a defendant fails to file and serve a copy of the notice as herein required, the court may exclude evidence offered by the defendant for the purpose of providing an alibi,
 
 except the defendant's own testimony
 

 [[Image here]]
 

 Fla. R. Crim. P. 3.200 (emphasis added).