PER CURIAM.
The State appeals the trial court’s imposition of a downward departure sentence after Appellee entered an admission to violating his probation. While Appellee’s scoresheet resulted in a minimum recommended sentence of 48.45 months' imprisonment, the trial court sentenced Appellee to one year in county jail. The State argues, and we agree, that the trial court’s reason for departure was not supported by competent, substantial evidence.
When imposing a downward departure sentence, the trial court must determine whether there is a factually supported, legal ground for departure and whether departure is the best sentencing option for the defendant. State v. Adkison, 56 So.3d 880, 882 (Fla. 1st DCA 2011). This Court reviews departure sentences to determine whether the grounds for departure were supported by competent, substantial evidence. Id. Here, the trial court stated that it was imposing a downward departure sentence pursuant to section 921.0026(2)(j), Florida Statutes, because the crimes were committed in an unsophisticated manner and was an isolated incident for which Appellee had shown remorse. However, there was no competent, substantial evidence to support the trial court’s finding that Appellee’s charges were an isolated incident.
Appellee was on probation for possession of ammunition by a convicted felon, possession of burglary tools, two counts of grand theft, and criminal mischief. Appel-lee violated his probation by committing two new misdemeanor offenses. Moreover, Appellee’s prior record consisted of twenty-two felony convictions and over two dozen misdemeanor convictions. Due to Appellee’s extensive criminal history, the trial court was precluded from finding his violation of probation was an isolated incident. State v. Thompkins, 113 So.3d 95, 99 (Fla. 5th DCA 2013); State v. Leverett, 44 So.3d 634, 638 (Fla. 5th DCA 2010); State v. Gaines, 971 So.2d 219, 221 (Fla. 4th DCA 2008); State v. Ayers, 901 So.2d 942, 945 (Fla. 2d DCA 2005). We, therefore, REVERSE the sentence on appeal and REMAND for resentencing.
THOMAS, ROWE, and SWANSON, JJ., concur.