WALLIS, J.
The State appeals the downward departure sentence given to Appellee by the trial court, arguing that no valid legal basis existed for the departure under section 921.0026(2)©, Florida Statutes (2013). Specifically, the State asserts that no evidence supports the trial court’s finding that Appellee’s offense: was committed in an unsophisticated manner, was an isolated-incident, and that Appellee showed remorse. All three elements are required to justify a downward departure. Because Appellee’s criminal history clearly demonstrates that the instant offense was not an isolated incident, we reverse the downward departure and remand for further proceedings.[1]
Appellee was arrested and charged with one count of driving while license suspended (“DWLS”). Before trial, the State offered a sentence of 63 months’ imprisonment, explaining that the offer was based on a minimum sentence of 63.45 months under the guidelines — which considered Appellee’s 3 prior misdemeanor convictions *1119 for DWLS, 15 other prior misdemeanor convictions, and 14 prior felony convictions. Appellee’s attorney stated a readiness to proceed with trial in light of the State’s offer. However, the trial judge expressed surprise at the 63-month offer and, after an off-record plea discussion with the State’s and Appellee’s attorneys, allowed Appellee to enter a no contest plea, stating “the Court intends to downward depart on this matter.”
The trial court proceeded to sentencing, at which point the State objected, arguing that no circumstances existed to justify a downward departure and citing several cases in support. See State v. Ayers, 901 So.2d 942, 946 (Fla. 2d DCA 2005) (“[I]t is improper [for a trial court] to depart based on the trial.court’s perception that the [lowest permissible] sentence under the [Code] is not commensurate with the seriousness of the crime.” (quoting State v. Baker, 498 So.2d 1031, 1032 (Fla. 1st DCA 1986))). The trial court did not address the State’s objection, instead concluding:
Pursuant to 921.0026(a)[2] — well, excuse me — (1), the Court is going to downward depart. And for mitigating factors, the Court is going to find that— that the offense was committed in an unsophisticated manner, it was an isolated incident for which the defendant shown [sic] remorse. In addition to the fact that — that the Court believes that the imposition of a five year sentence is manifestly unjust in this matter.
I do understand that this is insufficient, as grounds, but I am also finding that it was — clearly, the defendant committed the offense in an unsophisticated manner, driving, and with all of this stuff hanging over his head, so the Court is going to downward depart.
(footnote added). The trial court sentenced Appellee to one year of community control, opining:
[F]rankly, I’m a little astonished that — that the defendant could score 63.45 months on a driving offense like this.
While Courts give great deference to — to the Legislature, and legislative intent, I really don’t know that if you show this score sheet to any legislator and indicated the citizens of the State of Florida to be housing this gentleman for the next five years, feeding this gentleman for the next five years, taking care of his medical needs for the next five years, in order to make a point. So that’s the basis for the downward departure. And I understand the State 'Objects.
The trial court then concluded the hearing without providing the State an opportunity to further comment on the case.
A trial court’s decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by “a preponderance of the evidence.” This aspect of the court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and *1120 the appellate court will assess the record evidence for its sufficiency only, not its weight.
Banks v. State, 732 So.2d 1065, 1067 (Fla.1999) (citing § 921.001, Fla. Stat. (1995)) (footnotes omitted). Where, as in the instant ease, the trial court’s downward departure has no valid legal basis, an appellate court need not address the second prong of the Banks analysis. State v. Stanton, 781 So.2d 1129, 1132 (Fla. 3d DCA 2001).
Appellee does not contest the State’s argument that the lower court had no basis to depart from the sentencing guidelines. Appellee’s only argument— that the State failed to preserve the issue for appeal by not making a specific objection after the imposition of the downward departure sentence and not filing a motion under Florida Rule of Criminal Procedure 3.800(b) to correct the sentence — is without merit. Rule 3.800(b) allows the State to file a motion “only if the correction or the sentencing error would benefit the defendant or to correct a scrivener’s error.” See also State v. Carlson, 911 So.2d 234, 237 (Fla. 2d DCA 2005) (ruling that the State may not preserve a downward departure error for appeal using rule 3.800(b)). Generally, the State’s failure to object after a trial court imposes a sentence or to articulate specific objections results in a failure to preserve the issue for appeal. State v. Hamner, 816 So.2d 810, 812-13 (Fla. 5th DCA 2002). However, where a sentencing hearing is “conducted in such a rushed atmosphere, and in such a cursory fashion, that it appears the trial judge had predetermined to depart downwards,” a general objection from the State to the downward departure is sufficient. State v. Amodeo, 750 So.2d 664, 667 (Fla. 5th DCA 1999); see also State v. Colbert, 968 So.2d 1043, 1045 (Fla. 5th DCA 2007) (finding that the State’s objection, consisting solely of the statement “Just for the record, obviously the State objects,” was sufficient where “all parties understood from [the] off-record discussions that the trial judge would impose a departure sentence, to which the State would object”); State v. Walker, 923 So.2d 1262, 1265 (Fla. 1st DCA 2006) (finding that the State’s general objection was sufficient where “it is clear from the hearing transcript that the trial court was aware of the legal errors associated with its ruling”).
The presence of all three elements of section 921.0026(2)(j) is necessary to justify a downward departure under that subsection. State v. Waterman, 12 So.3d 1265, 1267 (Fla. 4th DCA 2009). The second element requires a finding that the defendant’s crime “was an isolated incident.” Where the defendant has an “extensive criminal history, the trial court [is] precluded from finding” that a violation was an isolated incident for purposes of a downward departure. State v. Douglas, 118 So.3d 1007, 1008 (Fla. 1st DCA 2013). Here, Appellee’s 14 felony and 18 misdemeanor convictions — including 3 prior DWLS convictions — precluded the trial court’s finding that his most recent crime was an isolated incident. The lack of the second element alone clearly requires reversal of the trial court’s downward-departure sentence. We need not address the other two elements of section 921.0026(2)(j). Accordingly, we reverse the downward departure sentence and remand for further proceedings.
REVERSED and REMANDED.
LAMBERT and EDWARDS, JJ., concur.

. Because we find that Appellee’s offense clearly was not an isolated incident, we need not address the other two elements — unso *1119 phistication and remorse — of section 921.0026(2)©.

. The subsection actually referenced by the trial court is section 921.0026(2)©, Florida Statutes (2013), which provides: "The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.”