# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-2997
LT Case No. 2018-CF-000879-A

_____

STATE OF FLORIDA,

    Appellant,

    v.

DARIEN A. HAUTER,

    Appellee.

_____

On appeal from the Circuit Court for Citrus County.
Mark J. Yerman, Judge.

Ashley Moody, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellant.

Daniel Tibbitt, of Daniel J. Tibbitt, P.A., North Miami, for Appellee.


August 19, 2024


SOUD, J.


    The State of Florida appeals the below-guidelines sentence imposed upon Appellee Darien A. Hauter for his serious crimes. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App.

P. 9.140(c)(1)(M). We reverse and remand for a new sentencing hearing, concluding the trial court erred in imposing a sentence below the minimum required by the Florida sentencing guidelines.

## I.

Hauter was charged via information with nine crimes: burglary of a dwelling with battery; three counts of kidnapping; intimidating a witness; felony fleeing or attempting to elude; two counts of child abuse without great bodily harm; and violation of condition of pre-trial release. The charges resulted from an August 2018 episode that saw him break into his estranged wife's residence, force her and their two children into his vehicle, and flee from law enforcement—a flight that ended in a standoff with law enforcement in the presence of his children. At the time of this charged conduct, Hauter was out on bond for the prior battery and strangulation of his wife.

More specifically, while their divorce case was pending, and after an escalating pattern of conduct, Hauter broke into his wife's residence by kicking in the door. After smashing his wife's cell phone as she tried to call 911, he grabbed their two children and forced them and his partially-clothed wife into a car, demanding his wife drive the car away from her residence.

As she did so, Hauter's wife spotted law enforcement, stopped the car, and jumped out for help. Hauter then got into the driver's seat and fled with his two children still in the car. During law enforcement's pursuit of Hauter, he barely missed hitting oncoming cars as he drove the wrong way into oncoming traffic, at times running a red light and exceeding speeds of 60–70 miles per hour. Law enforcement officers deployed spike strips to deflate the car's tires, after which Hauter continued to drive approximately a quarter of a mile before stopping, placing his one-year-old child in his lap, and imploring law enforcement officers to shoot him (presumably Hauter and not the child). After approximately ten minutes, Hauter exited the car and was taken into custody.

During the first stage of proceedings below, Hauter pleaded guilty to the crimes and was sentenced to four life sentences for counts I-IV and the statutory maximum on each of the remaining

felony counts. However, for reasons not pertinent here, the case was remanded to the trial court for further consideration.

Ultimately, the State agreed to allow Hauter to plead nolo contendere to modified charges, including: burglary of a dwelling with battery; two counts of false imprisonment (as lesser included offenses of kidnapping); felony fleeing or eluding; two counts of child abuse without great bodily harm; and violation of condition of pre-trial release.[1] The plea called for a maximum sentence of 15 years in prison. The sentencing guidelines called for a minimum sentence of 94.425 months (just shy of eight years). There was no agreed-upon, jointly recommended sentence as part of Hauter's plea to the trial court. The State argued for ten years in prison followed by probation. Hauter sought supervised release.

At the conclusion of the sentencing hearing, and over the State's objection, the successor judge sentenced Hauter to two years of community control, followed by fifteen years of probation. The trial court articulated its reasons that it believed permitted a downward departure sentence, including: (i) a legitimate, uncoerced plea bargain; (ii) the victim was an instigator or willing participant of the incident; (iii) Hauter showed remorse for his crimes; (iv) Hauter's emotional stability "is not the greatest, . . . though it doesn't fit specifically into a mental health type problem that would be a downward departure itself;" (v) Hauter had been in the community for thirteen months pending resentencing and had abided by the rules of pretrial release set for him; and (vi) Hauter had previously served 39 months of a life sentence and "lived with that for a number of years."

This appeal by the State followed.

## II.

### A.

Florida's Criminal Punishment Code, set forth in Chapter 921, Florida Statutes, applies to all non-capital felonies committed

---

[1] One count of kidnapping and the count charging intimidation of a witness—both of which involved Hauter's wife—were dropped by the State as part of Hauter's plea.

on or after October 1, 1998. *See* § 921.002, Fla. Stat. (2018). The Florida Legislature enacted the Code "to make the best use of state prisons so that violent criminal offenders are appropriately incarcerated." § 921.002(1), Fla. Stat.

Consistent with its stated purpose, the Florida Legislature has declared:

> The Criminal Punishment Code embodies the principles that:
>
> (a)  Sentencing is neutral with respect to race, gender, and social and economic status.
>
> (b)  The primary purpose of sentencing is to punish the offender. Rehabilitation is a desired goal of the criminal justice system but is subordinate to the goal of punishment.
>
> (c)  The penalty imposed is commensurate with the severity of the primary offense and the circumstances surrounding the primary offense.
>
> (d)  The severity of the sentence increases with the length and nature of the offender's prior record.
>
> . . . .
>
> (i)  Use of incarcerative sanctions is prioritized toward offenders convicted of serious offenses and certain offenders who have long prior records, in order to maximize the finite capacities of state and local correctional facilities.

§ 921.002(1)(a)–(d), (i), Fla. Stat.

Thus, as the Code expressly provides, while rehabilitation is a desired goal of sentencing, it is "subordinate" to the "primary purpose" to punish the offender "commensurate with" his crime and criminal record. *See id.* Just punishment of a criminal ensures (i) the criminal's payment of the debt owed to the victim(s) of his crime and society more broadly, as well as (ii) the protection of victims and the public by (a) incapacitating those acting with

4

dangerous criminal intentions and (b) deterring other would-be criminals from embarking upon the same felonious path as those who have gone before them. Trial courts' adherence to these principles, as required by their oath, protects all citizens' rights and freedoms "endowed by their Creator," *see* The Declaration of Independence, and secured by the state and federal constitutions upon which our ordered liberty is constructed.

## B.

Within this context, and to serve these ends, the Code establishes sentencing guidelines that provide a minimum sentence a trial court must impose. *See* § 921.002, *et seq.*, Fla. Stat.[2] While the sentencing guidelines set forth the minimum required sentence, a trial court remains free to "impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control." § 921.002(1)(g), Fla. Stat.

A trial court is permitted to impose a sentence below that contemplated by the Code "only when circumstances or factors reasonably justify the mitigation of the sentence," § 921.002(1)(f), Fla. Stat., and in a manner consistent with section 921.0026, Florida Statutes. Thus, the Code establishes a presumption that a sentence within the guidelines is to be imposed by the trial court— and this presumption is a strong one since a downward departure sentence "is *prohibited* unless there are circumstances or factors that reasonably justify the downward departure." § 921.0026(1), Fla. Stat. (emphasis added).

A defendant seeking a sentence that departs below the guidelines must establish by a preponderance of the evidence the existence of an asserted mitigating circumstance or factor. *See* § 921.002(3), Fla. Stat. Section 921.0026 lists fourteen mitigating factors. *See* § 921.0026(2)(a)–(n), Fla. Stat. The list is not

---

[2] The sentencing guidelines worksheet presented to a trial court in felony cases considers numerous factors such as the charged offense(s) and severity thereof, a defendant's criminal record of prior offenses, injury to a victim, and other classifications or considerations that may be applicable. *See* §§ 921.0022– 921.0024, Fla. Stat.

exhaustive, as the statute expressly states that the "[m]itigating factors to be considered include, but are not limited to, those listed in [section 921.0026(2)]." *See* § 921.0026(1)–(2), Fla. Stat.; *see also State v. Kahl*, 333 So. 3d 809, 811 (Fla. 1st DCA 2022). A trial court may consider mitigating circumstances not expressly listed in the statute "so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited." *Id.*

For the trial court, imposition of a departure sentence involves a two-step analysis. *See Banks v. State*, 732 So. 2d 1065, 1067 (Fla. 1999). First, the trial court must determine whether it can depart—that is, whether a legal basis exists for the departure sentence that has been established by a preponderance of the evidence. *See id.* When a valid and supported legal ground exists to permit a departure sentence, the trial court must determine whether it should depart—that is, whether a departure sentence is the "best sentencing option" in a given case. *See id.* In making this determination, the trial court is guided by the Code, the sentencing guidelines, and the expressed purposes for criminal sanctions undergirding Florida law. When the trial court imposes a sentence below the minimum sentence contemplated by the Code, section 921.002 requires—twice—that the judge enter a written order articulating the departure sentence and the reasons therefor. *See* §§ 921.002(1)(f) and 921.002(3), Fla. Stat.[3]

## C.

Our review of a downward departure sentence presents a mixed question of law and fact. Regarding the first step in the trial

---

[3] Here, there is no separate written order entered by the trial court. Rather, the trial court "checked" one of the boxes on the guidelines scoresheet indicating one statutory reason for departure: that the victim was an initiator, willing participant, aggressor, or provoker of the incident. No other reasons are indicated and no separate order was entered by the trial court. Nonetheless, the State does not appeal the sufficiency or absence of a written sentencing order. Thus, we do not consider such in this appeal and will review the reasons orated by the trial judge on the record at time of the sentence. To be clear, however, Florida trial courts must enter a written order, as plainly required by section 921.002, Florida Statutes, when imposing a departure sentence.

court's analysis (whether the law allows the trial court to impose a departure sentence), the trial court's legal conclusions are reviewed de novo, while we review the trial court's factual findings for competent, substantial evidence. *See State v. Avery*, 384 So. 3d 321, 324 (Fla. 5th DCA 2024). Second, if the trial court properly found it can depart from the minimum provided by the sentencing guidelines, we must determine whether the trial court abused its discretion in doing so, an evaluation which requires consideration of the totality of the circumstances. *See id.*

Here, our analysis concludes with the first consideration. The trial court erred when it determined that Florida law permitted a downward departure sentence.

The trial court articulated six reasons for the departure sentence: (i) a legitimate, uncoerced plea bargain; (ii) the victim was an instigator or willing participant of the incident; (iii) Hauter showed remorse for his crimes; (iv) Hauter's emotional stability was "not the greatest, . . . though it doesn't fit specifically into a mental health type problem that would be a downward departure itself;" (v) Hauter had been in the community for thirteen months pending resentencing and had abided by the rules of pretrial release set for him; and (vi) Hauter had previously served 39 months of a life sentence and "lived with that for a number of years."

The first three reasons articulated by the trial court are statutory mitigating factors identified in section 921.0026; the remaining three are non-statutory mitigating circumstances not expressly identified by the Code. None of the three statutory reasons is supported in the record. Further, the three non-statutory reasons are insufficient to permit a departure sentence.

Pertinent to the first three factors considered by the trial court, section 921.0026 provides in part:

> (2) Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:

> (a) The departure results from a legitimate, uncoerced plea bargain.

. . . .

> (f) The victim was an initiator, willing participant, aggressor, or provoker of the incident.
>
> . . . .
>
> (j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.

§ 921.0026(2), Fla. Stat. We consider each mitigating circumstance in turn.

1.

In departing below the minimum required sentence, the trial court found that the departure sentence resulted from a legitimate uncoerced plea bargain. Such finding is erroneous as a matter of law.

Of primary importance, the statute provides for mitigating a sentence when "*[t]he departure results from* a legitimate, uncoerced plea bargain." *See* § 921.0026(2)(a), Fla. Stat. (emphasis added). Thus, the plain text of the statute allows for a downward departure when "the departure"—that is, the downward departure sentence itself—results from and is a part of a plea agreement jointly recommended to the trial court by both the State and a defendant. An open plea to a trial court (including one that includes a cap above the minimum sentence called for by the sentencing guidelines) that does not specifically include a departure sentence jointly recommended to the trial court does not constitute a mitigating circumstance permitting a downward departure. *See State v. Saunders*, 322 So. 3d 763, 766 (Fla. 2d DCA 2021) ("The record clearly reflects that the State did not agree to sentences of time-served; therefore, there was no plea agreement upon which to base the departure sentences."); *see also State v. Geoghagan*, 27 So. 3d 111, 113 (Fla. 1st DCA 2009); *State v. Pita*, 54 So. 3d 557, 560 (Fla. 3d DCA 2011); *State v. Brannum*, 876 So. 2d 724, 727 (Fla. 5th DCA 2004).

8

Here, Hauter tendered his plea to the trial court. There was no agreement with the State as to the sentence to be imposed. The only stipulation that was part of the plea was that the maximum sentence would not exceed fifteen years. This fifteen-year cap exceeded the minimum sentence to be imposed under the guidelines. Indeed, the State argued against a departure sentence during the sentencing hearing and objected to the trial court's departure from the sentencing guidelines. As a result, the plea tendered by Hauter did not provide a mitigating circumstance permitting departure below the guidelines because the downward departure sentence itself was not the product of a plea agreement jointly recommended to the trial court.

2.

The trial court next stated that it was departing from the minimum guidelines sentence because the victim was an initiator, willing participant, aggressor, or provoker of the incident. This mitigating circumstance is identified as the lone reason marked on the sentencing guidelines justifying the departure sentence. The trial court wrongly applied the plain text of section 921.0026(2)(f) to this case.

This mitigating circumstance applies when "[t]he victim was an initiator, willing participant, aggressor, or provoker *of the incident*." *See* § 921.0026(2)(f), Fla. Stat. The plain language of the statute contemplates the immediate incident subject of the charges before the court. Extending the statute far beyond the incident for which Hauter was charged, as the court did here, to a pre-existing (though obviously deteriorating) relationship between Hauter and the victim is contrary to the clear text of the statute and binding precedent of this Court. *See State v. Morales*, 718 So. 2d 272, 273 (Fla. 5th DCA 1998) ("In our view, 'the incident' more narrowly refers to circumstances immediately surrounding the criminal offense."); *see also State v. Rush*, 306 So. 3d 1273, 1274 (Fla. 1st DCA 2020). Indeed, it is difficult to perceive how Hauter's wife could be a willing participant to her own kidnapping, the burglary of her residence, and Hauter's battery of her.

As a result, the trial court erred in considering this as a mitigating circumstance justifying a downward departure.

9

The final statutory mitigating circumstance cited by the trial court as a basis to depart was Hauter's remorse. *See* § 921.0026(2)(j), Fla. Stat. However, remorse alone cannot in itself support a downward departure sentence.

Section 921.0026(2)(j) allows a mitigating circumstance when "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." Thus, this statute expressly requires three things: the commission of the crime in an unsophisticated manner, the charged incident was isolated, and the demonstration of remorse. *See* § 921.0026(2)(j), Fla. Stat. For this mitigating circumstance to be available, Hauter was required to establish all three of these elements by a preponderance of the evidence. *See State v. Rogers*, 250 So. 3d 821, 823 (Fla. 5th DCA 2018).

The record before us fails to establish that the charged incident was either unsophisticated or isolated. Rather than being an isolated incident, law enforcement testified at the sentencing hearing that the charged offenses were the culmination of a repeated, dangerous, and escalating pattern of harassment perpetrated by Hauter against his estranged wife. At the time Hauter committed these crimes subject of this case, he was out on bond for the prior battery and strangulation of his wife.

Further, Hauter's criminal history set forth in the guidelines worksheet identifies numerous prior crimes, including battery on a law enforcement officer, violation of a domestic violence injunction, resisting law enforcement without violence, battery, and other crimes. His criminal record includes violent criminal conduct as well as crimes born from a domestic setting. As a result, Hauter's conduct giving rise to this case cannot be considered isolated. *See State v. Redden*, 173 So. 3d 1117, 1120 (Fla. 5th DCA 2015) (citing *State v. Douglas,* 118 So. 3d 1007, 1008 (Fla. 1st DCA 2013)); *see also Bellamy v. State*, 199 So. 3d 480, 483 (Fla. 4th DCA 2016).

Accordingly, this, too, was an invalid basis for departure.

4.

The trial court further considered three additional non-statutory mitigating circumstances in departing from the minimum guidelines sentence: (i) Hauter's "emotional stability . . . is not the greatest;" (ii) he was released in the community for thirteen months pending resentencing and had not violated Florida law or any rules placed upon him; and (iii) Hauter lived knowing he was under a life sentence while he previously served thirty-nine months in prison. None of these non-statutory mitigating circumstances found by the trial court, viewed individually or cumulatively, is sufficient to permit a downward departure sentence.

As mentioned, the list of mitigating circumstances set forth in section 921.0026(2) is not exclusive, and a trial court is permitted to consider non-statutory mitigating circumstances if such circumstances are established by a preponderance of the evidence and are not otherwise prohibited. *See State v. Thompkins*, 113 So. 3d 95, 98 (Fla. 5th DCA 2013). However, non-statutory mitigating circumstances may be considered by a trial court only "when the reason for such departure is consistent with the legislative sentencing policy." *State v. Johnson*, 288 So. 3d 765, 768 (Fla. 2d DCA 2020). "These requirements prohibit trial judges from giving the sentencing guidelines a polite nod and imposing a mitigated sentence based on their own predilections." *Thompkins*, 113 So. 3d at 98.

First, as to Hauter's "emotional stability," this ground is invalid because the trial court could not rely on this "non-statutory factor when that factor is encompassed within a listed statutory factor." *See State v. Sawyer*, 350 So. 3d 427, 429 n.1 (Fla. 5th DCA 2022). Section 921.0026 permits mitigation when "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." § 921.0026(2)(d), Fla. Stat. While the trial court phrased its analysis on this point in terms of Hauter's "emotional stability," the consideration functions as a substantial equivalent to the mitigating circumstance delineated in the statute. In making its finding, the trial court acknowledged, "[Hauter's] emotional

11

stability here is not the greatest and, undoubtedly, within the relationship was not the greatest, and on the street was not the greatest, *though it doesn't fit specifically into a mental health type of a problem that would be a downward departure itself."*

To permit this non-statutory consideration to justify a downward departure sentence would circumvent the requirements of section 921.0026(2)(d) for mitigating a sentence because of a mental disorder. Indeed, "[t]he legislature's requirements would be left hollow if a sentencing court could cherry-pick one part of a statutory mitigator and re-define it as non-statutory. A statutory ground's requirements cannot be avoided simply by renaming the basis a non-statutory ground." *State v. Kunkemoeller*, 333 So. 3d 335, 340 (Fla. 1st DCA 2022).

Further, the trial court departed from the guidelines sentence based on its additional finding that Hauter had been released in the community for thirteen months pending resentencing and had not violated Florida law or any rules placed upon him. This circumstance does not permit the trial court's departure sentence. As noted *supra*, at the time Hauter was arrested on the charges before us, he was out on bond for the prior battery and strangulation of his wife. Additionally, as this Court has previously held, "[t]hat a defendant refrains from criminal activity for a short time is an insufficient reason for a downward departure." *State v. Stephenson*, 973 So. 2d 1259, 1264–65 (Fla. 5th DCA 2008).

Finally, the trial court determined departure was appropriate because Hauter lived knowing he was under a life sentence while he previously served thirty-nine months in prison. This non-statutory circumstance also fails to permit a departure sentence because it—like the other two non-statutory circumstances—is inconsistent with the sentencing policy declared by the Florida Legislature in enacting the Code—to ensure "that violent criminal offenders are appropriately incarcerated." *See* § 921.002(1), Fla. Stat. It is also contrary to the expressed "primary purpose" of sentencing expressly stated in the Code—"to punish the offender" in a manner "commensurate with the severity of [his crime]." *See* § 921.002(1)(b)–(c), Fla. Stat. Such punishment "increases with the

length and nature of [Hauter's] prior record." *See* § 921.002(1)(d), Fla. Stat.

### III.

As a result, since there are no valid grounds under section 921.0026 to permit a departure from the minimum sentence contemplated by the Code, the trial court erred in imposing a sentence less than the minimum required by the Florida sentencing guidelines.

Accordingly, this case is REVERSED and REMANDED to the trial court for a different judge to conduct a new sentencing hearing and impose a sentence permissible under Florida law.

It is so ordered.


EDWARDS, C.J., and WALLIS, J., concur.


---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---